■ LEON GISH, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [668 NYS2d 942] —In an action, *inter alia*, for a judgment declaring that the defendant is obligated to pay a judgment in the sum of $341,065 obtained by the plaintiff in an action entitled *Gish v Barrett* (Queens County Index No. 10050/91), the defendant appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated March 17, 1997, which, *inter alia*, upon an order of the same court dated January 27, 1997, granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against it in the principal sum of $250,000.

Ordered that the judgment is reversed, on the law, with costs, the order dated January 27, 1997, is vacated, and the plaintiff's motion is denied.

We agree with the contentions of Allstate Insurance Company (hereinafter Allstate) that the plaintiff has failed to demonstrate his entitlement to judgment as a matter of law. The plaintiff's claim largely rests upon the interpretation of an alleged lease pursuant to which a van owned by Leonard Barrett was allegedly being operated as an authorized common carrier as a result of a certificate of convenience and necessity (hereinafter the certificate) issued by the New York State Department of Transportation to Francis Carryl (*see,* 17 NYCRR 781.1). Inasmuch as the lease is not contained in the record on appeal, and was apparently not before the Supreme Court, we cannot determine, as a matter of law, that the Barrett van was indeed authorized to operate pursuant to the certificate issued to Carryl.

In light of our determination we do not pass on the merits of Allstate's argument, raised for the first time on appeal, that it is entitled to summary judgment dismissing the complaint. Miller, J. P., Altman, Krausman and Luciano, JJ., concur.